United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-11433-amc |
| Jenniffer I Miller | Chapter 13 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Nov 24, 2020 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 26, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Jenniffer I Miller, 1441 Woodview Road, Morrisville, PA 19067-5779 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 26, 2020          Signature:        /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 24, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| MICHAEL P. KELLY | on behalf of Debtor Jenniffer I Miller mpkpc@aol.com r47593@notify.bestcase.com |
| POLLY A. LANGDON | on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com |
| REBECCA ANN SOLARZ | on behalf of Creditor U.S. Bank National Association as Trustee for MASTR Asset Backed Securities Trust 2005-AB1, Mortgage Pass-Through Certificates, Series 2005-AB1 bkgroup@kmllawgroup.com |
| SCOTT WATERMAN | on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFmail@fredreiglech13.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| United States Trustee | |

District/off: 0313-2 User: Adminstra Page 2 of 2
Date Rcvd: Nov 24, 2020 Form ID: pdf900 Total Noticed: 1

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer I. Miller aka Jennifer I Miller<br>　　　　　　　　Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2005-AB1, Mortgage Pass-Through Certificates, Series 2005-AB1<br>　　　　　　　　Movant<br>vs. | NO. 19-11433 AMC<br><br>11 U.S.C. Section 362 |
| Jennifer I. Miller aka Jennifer I Miller<br>　　　　　　　　Debtor<br><br>Scott F. Waterman, Esquire<br>　　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$15,608.33,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2020 through April 2020 at $1,735.70/month<br>May 2020 through November 2020 at $1,752.79/month |
| Suspense Balance: | ($132.60) |
| **Total Post-Petition Arrears** | **$15,608.33** |

2.　　The Debtor shall cure said arrearages in the following manner:

a) Within seven (7) days of the filing of this Stipulation, Debtor shall file the necessary motion(s) to approve an Amended Chapter 13 Plan to include the post-petition arrears of $15,608.33 along with any pre-petition arrears.

b) Debtor shall also include in her Amended Chapter 13 Plan that, beginning with the post-petition payment due December 1, 2020 and continuing thereafter, Debtor shall pay the

Trustee the regular monthly mortgage payment in the amount of $1,752.79 (or as adjusted pursuant to the terms of the mortgage). All payments to Movant shall be through the Trustee for the remaining life of the bankruptcy case.

    c) Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$15,612.33** along with the pre-petition arrears.

    d) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   11/18/2020                By: /s/ Rebecca A. Solarz, Esquire
                                  Attorney for Movant

Date: 11-18-2020                  _____
                                  Michael P. Kelly, Esquire
                                  Attorney for Debtor

Date: November 20, 2020           /s/ Polly A. Langdon, Esquire, for
                                  Scott F. Waterman, Esquire
                                  Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: November 24, 2020**              _____
                                          Bankruptcy Judge
                                          Ashely M. Chan